UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| JARRET ALAN GUY | ] | |
| Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:11-0538 |
| | ] | Judge Sharp |
| WARDEN JIM MORROW | ] | |
| Respondent. | ] | |

**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Southeastern Tennessee State Regional Correctional Facility in Pikeville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Jim Morrow, Warden of the prison, seeking a writ of habeas corpus.

**I. Background**

In April, 2002, a jury in Davidson County found the petitioner guilty of facilitation of first degree murder, felony first degree murder, and robbery. Docket Entry No.20-7 at pgs.85-86. Prior to sentencing, the facilitation conviction was merged into the felony first degree murder conviction. *Id*. at pgs.87-88. For his crimes, the petitioner received a sentence of life imprisonment without the possibility of parole (felony first degree murder) plus a concurrent sentence of fifteen years in prison (robbery). Docket

1

Entry No.20-1 at pgs.49, 64-65.

On appeal, the Tennessee Court of Criminal Appeals affirmed the convictions. Docket Entry No.20-15. The Tennessee Supreme Court later denied petitioner's application for additional review. Docket Entry No.20-17.

On September 29, 2005, the petitioner filed a *pro se* petition in the Criminal Court of Davidson County seeking post-conviction relief. Docket Entry No.20-18 at pgs.29-41. Following the appointment of counsel and an evidentiary hearing, the trial court denied the petitioner post-conviction relief. *Id.* at pgs.71-83. The Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.20-23. Once again, the Tennessee Supreme Court rejected the petitioner's application for further review. Docket Entry No.20-25.

## II. Procedural History

On June 6, 2011, the petitioner initiated the instant action with the filing of a petition (Docket Entry No.1) for writ of habeas corpus. The petition contains seven claims for relief. These claims include :

> 1) the evidence was not sufficient to support the petitioner's convictions;
>
> 2) the trial judge gave the jury an incorrect instruction for the terms "intentional" and "knowing";
>
> 3) the indictment was impermissibly amended when the jury was instructed as to criminal responsibility;

4) the petitioner "was unduly prejudiced" when his co-defendant's motion to sever was granted;

5) "jury instructions on certain other aggravating circumstances was warranted";

6) the sentence of life imprisonment without the possibility of parole is a disproportionate punishment because the aggravating circumstances were not properly applied; and

7) counsel was ineffective for failing to file a motion to suppress the petitioner's statement to the police that was both coerced and unknowingly given.[1]

Upon its receipt, the Court conducted a preliminary examination of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No.9) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently before the Court is the respondent's Answer (Docket Entry No.19), to which the petitioner has offered no reply. Having carefully considered the petition, respondent's Answer and the expanded record, it appears that an evidentiary hearing is not needed in this matter. See <u>Smith v. United States of America</u>, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled

---

[1] At trial, the petitioner was represented by John Oliva, a member of the Davidson County Bar.

to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis of the Claims

**1.) State Law Claim**

A petition for federal habeas corpus relief may only be granted when it is found that a citizen is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a); Pulley v. Harris, 465 U.S. 37 (1984). Thus, a claim that is based upon a perceived error or misapplication of state law will not normally be recognized as an actionable claim for federal habeas corpus relief. Lewis v. Jeffers, 497 U.S. 764, 780 (1990). However, if an issue of state law is so egregious as to deny the petitioner a fundamentally fair trial, that issue will rise to the level of a cognizable constitutional violation. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

The petitioner claims that the trial judge gave the jury an incorrect instruction for the terms "intentional" and "knowing" (Claim No.2). This claim was raised in the state courts as an issue arising from state law. Docket Entry No.20-13 at pgs.33-40. The claim has also been framed in the habeas corpus petition as a question of state rather than federal law. *See* Docket Entry No.1 at pgs.7-8. There has been no showing that the trial judge's alleged error denied the petitioner a fundamentally fair trial. As a

4

consequence, this claim is not actionable.

**2.) Procedurally Defaulted Claims**

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his federal claims to every available level of the state court system. Rose v. Lundy, 455 U.S. 509, 518-20 (1982). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990). In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; *see also* Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

The petitioner has never raised in the state courts his claim of an amended indictment (Claim No.3) or his claim that "jury

instructions on certain aggravating circumstances was warranted" (Claim No.5). *See* Docket Entry No.20-13 (direct appeal); Docket Entry No.20-21 (post-conviction appeal). Unfortunately, at this late date, state court review of those claims is no longer available. Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

The exhaustion of a claim via procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Gray v. Netherland, 518 U.S. 152, 162 (1996).

A habeas petitioner can not rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument

6

as to the precise cause and prejudice produced. <u>Lundgren v. Mitchell</u>, 440 F.3d 754, 764 (6th Cir.2006). To demonstrate cause, the petitioner must show that an objective factor external to the defense interfered with his ability to comply with the state procedural rule. <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986). To establish prejudice, there must be a showing that the trial was infected with constitutional error. <u>United States v. Frady</u>, 456 U.S. 152, 170-72 (1982).

In this instance, the petitioner has shown no reason for failing to raise these claims in the state courts in a timely manner. Therefore, their procedural default is unexcused and these claims will not support an award of habeas corpus relief.

**3.) Fully Exhausted Claims**

The petitioner's remaining claims , i.e., sufficiency of the evidence (Claim No.1), the question of severance (Claim No.4), the disproportionate sentence (Claim No.6), and the effectiveness of counsel (Claim No.7) were fully exhausted in the state courts during either the direct appeal or the appeal of the post-conviction proceedings and were found to be without merit.

When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); <u>Nevers v. Killinger</u>, 169 F.3d

352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). As a condition for obtaining habeas corpus relief, the petitioner must show that the state court's ruling on a fully exhausted claim was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement. Harrington v. Richter, 131 S.Ct. 770, 786-87. In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. Williams, *supra* at 529 U.S. 389.

**a.) Sufficiency of the Evidence**

The petitioner alleges that the evidence was not sufficient to support his convictions (Claim No.1). The right to due process guaranteed to us by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon

sufficient proof. Jackson v. Virginia, 443 U.S. 307 (1979). Sufficient proof has been defined as the "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Id.* at 443 U.S. 324. When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. *Id.*

In Tennessee, felony first degree murder is defined as "the killing of another committed in the perpetration of or attempt to perpetrate any first degree murder, act of terrorism, arson, rape, robbery, burglary, theft, kidnapping, aggravated child abuse, aggravated child neglect or aircraft piracy." Tenn. Code Ann. § 39-13-202(a)(2). Robbery is defined as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401(a).[2]

The evidence shows that the co-defendant (Jacob Campbell) told the petitioner about an elderly man who kept cash at his home. Docket Entry No.20-5 at pg.25. The pair discussed robbing the man to get money for drugs. *Id.* at pg.31. They left the house together and returned a few hours later with the petitioner driving a white automobile. *Id.* at pg.33. When they returned, the pair unloaded things from the car that included a towel wrapped around some

---

[2] It is unnecessary to consider the sufficiency of the evidence to support the facilitation conviction since that conviction was merged into the felony murder conviction.

9

jewelry, pocket watches, and two handguns. *Id.* at pgs.34-36. The petitioner's wife overheard the pair say that these items had been taken in a robbery. *Id.* at pg.41.

A neighbor summoned the police when he learned that the victim's home had been ransacked. The police found the victim's body in the basement of his home under a mattress and some debris. Docket Entry No.20-3 at pg.96. His legs were tied with telephone cord and duct tape. His hands were also tied behind his back with telephone cord and duct tape. Two garbage bags had been placed over the victim's head and duct taped around his neck. *Id.* at pgs.105-106. Wadding was found duct taped in the victim's mouth. *Id.* at 151.

There was no sign of forced entry. *Id.* at pg.125. Police officers began searching for the victim's stolen white automobile. They found it parked in a motel parking lot with the petitioner in the driver's seat. Docket Entry No.20-4 at pg.135. He was arrested and a key to one of the motel rooms was found on his person. When police officers entered the motel room, they found the petitioner's wife, his infant daughter, and the co-defendant. *Id.* at pgs.138-139. Also found in the motel room were jewelry, watches and two handguns belonging to the victim. *Id.* at pgs.149-154.

After the petitioner was taken into custody, a detective advised him of his Miranda rights and began to question the petitioner about his involvement with the victim. The petitioner

10

gave the detective a statement. Docket Entry No.20-20 at pgs.3-62. According to the petitioner's statement, the pair went to visit the victim. They sat and spoke with him for some time on his front porch. The co-defendant asked the victim for a glass of water. When the victim went into the house to get it, the co-defendant followed him in and began to assault the victim, asking him where the money was hidden. Unhappy with the victim's response, the co-defendant began to tie up the victim using telephone cord and duct tape. The petitioner admitted to talking with the co-defendant about robbing the victim. Docket Entry No.20-6 at pgs.29-30. He further admitted to acting as a lookout while his co-defendant attacked the victim and looked for money. *Id.* at pg.41. The petitioner and his co-defendant got $1700 in currency from the victim. Docket Entry No.20-5 at pgs.151-152. However, the petitioner denied any knowledge or involvement in the victim's death. *Id.* at pg.145.

To find the petitioner guilty of felony murder, it is not necessary to show that he intended to kill the victim. The proof must show, however, that the petitioner did intend to commit the underlying felony, i.e., robbery. Tenn. Code Ann. § 39-13-202(b). There was more than sufficient evidence to convince any juror that the petitioner and his co-defendant intended to rob the victim and did, in fact, commit the robbery. Even if the petitioner did not participate directly in the victim's murder, he was well aware that the victim's life was being threatened by his co-defendant. From

11

the record, it appears that there was more than ample evidence to support the petitioner's convictions. This claim, therefore, has no merit.

**b.) Co-Defendant's Motion to Sever**

The petitioner's co-defendant filed a motion to sever (Docket Entry No.20-1 at pgs.21-27) because he wanted to introduce the petitioner's confession to a similar crime that had occurred shortly before the matter at hand. The co-defendant believed that the confession would show that it was the petitioner rather than himself who killed the victim. The petitioner opposed a severance because separate trials would allow the prosecution to introduce the petitioner's statement against him.

The trial judge conducted a hearing to determine whether the motion to sever had merit. Docket Entry No.20-2. Following the hearing, the trial judge granted the motion. Docket Entry No.20-1 at pgs.36-38. The petitioner's fourth claim asserts that he was unduly prejudiced by the decision to conduct separate trials for the defendants.

A severance should be granted if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence. Zafiro v. United States, 506 U.S. 534,539 (1993).

The trial judge noted that the defendants were prepared to

mount antagonistic defenses. Docket Entry No.20-1 at pg.36. He determined that there was a serious risk that a joint trial could deprive the co-defendant of a fair proceeding. The record supports this finding. Therefore, the state court ruling on this issue was not contrary to federal law and will not support an award of habeas corpus relief.

**c.) A Disproportionate Sentence**

The petitioner contends that the sentence of life imprisonment without the possibility of parole is a disproportionate punishment because the aggravating circumstances were not properly applied (Claim No.6).

The jury found that there were five aggravating factors that justified the imposition of a life sentence without the possibility of parole. Docket Entry No.20-8 at pg.30. These aggravating factors included 1) the petitioner had one or more previous convictions involving the use of violence; 2) the murder was especially heinous; 3) the murder was committed to avoid prosecution; 4) the petitioner had a substantial role in the underlying felony and murder; and 5) the victim was 70 years of age or older. *Id.* at pgs.20-22.

In Tennessee, a sentence of life imprisonment without the possibility of parole may be imposed if the jury finds at least one statutory aggravating factor applicable. Tenn. Code Ann. § 39-13-207(g). A victim who is 70 years or older is a statutory

aggravating factor. Tenn. Code Ann. § 39-13-204(i)(14). The petitioner concedes that the prosecution carried its burden of proof with respect to the victim being 70 years of age or older. Docket Entry No.20-13 at pg.58. As a consequence, the jury was wholly justified when it imposed upon the petitioner his life sentence without the possibility of parole.

**d.) Ineffectiveness of Counsel**

Finally, the petitioner believes that counsel was ineffective for failing to file a motion to suppress his statement to the police. More specifically, he alleges that the statement was neither voluntarily (coerced through the threat of the death penalty) nor knowingly (under the influence of drugs) given to the police (Claim No.7).

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was so prejudiced by the deficiency as to render the result of the prosecution unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). To demonstrate a deficiency in representation, the petitioner must show that his attorney failed to act within "an objective standard of reasonableness". Harrington v. Richter, 131 S.Ct. 770,787 (2011).

Prior to giving his statement, the petitioner signed a waiver of rights form in which he averred that he had not been threatened and that the statement was being given voluntarily. Docket Entry No.20-20 at pg.64. Counsel testified at the post-conviction evidentiary hearing that he had discussed the impact and suppression of the petitioner's statement with him. Docket Entry No.20-19 at pg.52. After speaking with the petitioner and reviewing a video tape of his statement, counsel had no reason to believe that the petitioner was under the influence of drugs at the time. *Id.* at pg.45. Nor was counsel concerned that the threat of the death penalty had been used to coerce the petitioner into giving his statement. *Id.* at pg.48.

At the conclusion of the evidentiary hearing, the trial judge found that "the petitioner appeared to comprehend the questions asked of him with no signs of intoxication." Docket Entry No.20-18 at pg.78. He further determined that "there is no proof of any earlier questioning or threat of any kind." *Id.* at pg.80. Apparently, by its verdict, the jury also felt that the petitioner's statement had not been tainted in any way.

The state courts determined that the petitioner failed to show that the police had improperly induced his statement. They applied the Strickland standard to this claim and found that, in the absence of evidence to show that the petitioner's statement had been tainted, counsel was not deficient for failing to file a

15

motion to suppress the statement. This finding is amply supported by the record. Accordingly, it does not appear that the petitioner was denied the effective assistance of counsel.

## IV. Conclusion

The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts runs contrary to federal law. Accordingly, having carefully reviewed the record, it appears that the state court adjudication of petitioner's exhausted claims were neither contrary to nor an unreasonable application of federal law. As a consequence, the Court finds that the petitioner has failed to state a claim upon which habeas corpus relief can be granted.

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge